UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

GINA M. RUSSO,

        Plaintiff,

  v.

Case No. 21-cv-524-pp

ANDREW M. SAUL,

        Defendant.

**ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED
WITHOUT PREPAYING THE FILING FEE (DKT. NO. 2)**

The plaintiff has filed a complaint seeking judicial review of a final administrative decision denying her claim for disability insurance benefits under the Social Security Act. Dkt. No. 1. She also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

To allow the plaintiff to proceed without paying the filing fee, the court first must decide whether the plaintiff can pay the fee; if not, it must determine whether the lawsuit is frivolous. 28 U.S.C. §§1915(a) and 1915(e)(2)(B)(i).

Based on the facts in the plaintiff's affidavit, the court concludes that she does not have the ability to pay the filing fee. The plaintiff's request indicates that she is not employed, she is not married, and she has no dependents she is responsible for supporting. Dkt. No. 2 at 1. The plaintiff states that she receives $236 a month on a "food card" from either the state or Kenosha County. Id. at 2. The plaintiff lists monthly expenses of $1,163 ($700 rent—although she says

that she may be moving in with her mother next month, $300 groceries, $55 cell phone, $100 toilet paper/shower supplies, $8 prescriptions); she indicates that her mother pays most of these expenses and says, "if I need things my mom buys it. My kids help out here or there (when they can)." Id. at 2-3. The plaintiff owns a 2004 Jeep Cherokee Laredo worth approximately $2,500 that her mother paid for, she does not own her home or any other property of value, and she has no cash on hand or in a checking or savings account. Id. at 3-4. The plaintiff states, "My brother in California supported me from Nov. 2017 – March 20, I had to move back with my family in Wisconsin/Illinois do to the pandemic. I try to on my own for a bit then do to making worse on back I can't work, so my mom has paying for everything. I am not sure how much longer she will be able to do it for she just turned 81." Id. at 4. The plaintiff has demonstrated that she cannot pay the $350 filing fee and $52 administrative fee.

  The next step is to determine whether the case is frivolous. A case is frivolous if there is no arguable basis for relief either in law or in fact. Denton v. Hernandez, 504 U.S. 25, 31 (1992) (quoting Nietzke v. Williams, 490 U.S. 319, 325 (1989); Casteel v. Pieschek, 3 F.3d 1050, 1056 (7th Cir. 1993)). A person may obtain district court review of a final decision of the Commissioner of Social Security. 42 U.S.C. §405(g). The district court must uphold the Commissioner's final decision as long as the Commissioner used the correct legal standards and the decision is supported by substantial evidence. See Roddy v. Astrue, 705 F.3d 631, 636 (7th Cir. 2013).

The plaintiff's complaint indicates that she was denied Social Security benefits due to lack of disability, that she is disabled, and that the conclusions and findings of fact by the Commissioner when denying benefits are not supported by substantial evidence and are contrary to federal laws and regulations. Dkt. No. 1 at 1-2. At this early stage in the case, and based on the information in the plaintiff's complaint, the court concludes that there may be a basis in law or in fact for the plaintiff's appeal of the Commissioner's decision, and that the appeal may have merit, as defined by 28 U.S.C. §1915(e)(2)(B)(i).

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

Dated in Milwaukee, Wisconsin this 27th day of April, 2021.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**